CLERKS OFFICE US DISTRICT COURT
AT HARRISONBURG, VA
FILED
05/05/2025
LAURA A. AUSTIN, CLERK
BY: /s/ Amy Fansler
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal Action No. 5:20-cr-00045 |
| v.  ) | |
| ) | By: Elizabeth K. Dillon |
| AMANDA MARIE CATOE ) | Chief United States District Judge |

**MEMORANDUM OPINION**

Before the court is defendant Amanda Marie Catoe's pro se motion for early termination of supervised release. (Dkt. No. 97.) The government has not filed an objection to the motion. Neither party requested a hearing, and the court finds that a hearing is not necessary to resolve Catoe's motion. The court will grant Catoe's motion.[1]

I. BACKGROUND

On March 15, 2023, Catoe pleaded guilty to possessing with intent to distribute methamphetamine. (Dkt. No. 72.) She was sentenced to time served, consisting of 344 days, followed by three years' supervised release. (Dkt. No. 95.)

Ms. Catoe began her term of supervision on October 16, 2023.

On April 22, 2025, Catoe filed a pro se motion for early termination of her remaining supervised release term. Catoe has not violated the terms of her supervised release and has maintained stable employment. In November 2024, Catoe, her mother, and her children relocated to Oregon and Catoe's supervising officer in Oregon confirms that she is doing well and has had no issues with noncompliance. All fines and fees related to her underlying offense

---

[1] A hearing is not required by the Federal Rules of Criminal Procedure because the relief sought is favorable to defendant and the government received notice and did not file an objection. Fed. R. Crim. P. 32.1(c)(2).

conduct have been paid in full. Finally, Ms. Catoe has completed half of her supervised release term.

## II. ANALYSIS

Pursuant to 18 U.S.C. § 3583(e), a court may, after considering the factors set forth in 18 U.S.C. § 3553(a), terminate a term of supervised release at any time after the expiration of one year of supervised release if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice. As at sentencing, courts consider several factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence imposed to afford adequate deterrence, and the need to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a).

Courts have discretion whether to grant early termination of supervised release, even when the conditions for termination are met. *Folks v. United States*, 733 F. Supp. 2d 649, 651 (M.D.N.C. 2010). In addition, the inquiry is broader than the individual's conduct. *United States v. Pregent*, 190 F.3d 279, 282–83 (4th Cir. 1999). "Circumstances that justify early discharge have included exceptionally good behavior that makes the previously imposed term of supervised release 'either too harsh or inappropriately tailored to serve' general punishment goals." *Folks*, 733 F. Supp. 2d at 651 (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)). Neither the passage of time nor full compliance with the terms of supervised release are sufficient bases to warrant early termination. *United States v. Ferris*, Case No. 5:14-CR-0008, 2021 WL 1588972, at *2 (W.D. Va. Apr. 22, 2021).

While Catoe's offense was serious, she has now served her sentence and has passed the half-way point of her supervised release term.

The court finds that there is no longer a need to protect the public or to deter Catoe from committing further crimes through the ongoing imposition of release conditions. For these reasons, the court will grant Catoe's motion for early termination of her supervised release.

### III.  CONCLUSION

For the foregoing reasons, Catoe's motion for early termination of supervised release (Dkt. No. 97) will be granted. The court will issue an appropriate order.

Entered: May 5, 2025.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
Chief United States District Judge